

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 6, 1939

Hon. John Stapleton
County Attorney
Floyd County
Floydada, Texas

Dear Sir:

Opinion No. 0-558
Re: Validity of order of
Commissioners' Court

Your request for opinion upon the following question:

"Is the order of the Commissioners'
Court setting forth the liability of the
county for fees of officers valid?"

has been received by this Department.

Your letter, in part, reads as follows:

"At a regular term of the Commissioners
Court of Floyd County on February 13th, 1939,
such court unanimously passed the following
order:

"'The county shall not be liable to the
officer having costs in a misdemeanor case
where defendant pays his fine and costs. The
county shall be liable for only one-half
thereof where the defendant has been tried, and
committed, acquitted, or found guilty and the
case appealed; and to pay such half of such
legal costs as may have been so taxed, not
including commissions, the County Judge shall
issue his warrant upon the County Treasurer
in favor of the proper party, and the same
shall be paid out of the General Fund or

other funds not otherwise appropriated. No
costs shall be collected by such officer
when the case is dismissed.'

"Is such order valid?"

This order of the Commissioners' Court is
almost identical with the amendment to Article 1055,
Code of Criminal Procedure, as same was amended by
Chapter 488 of the General and Special Laws of the 45th
Legislature, same being House Bill No. 727 of the Re-
gular Session of the Texas Legislature. Article 1055
of the Code of Criminal Procedure as the same was amend-
ed as above stated, reads as follows:

"The county shall not be liable to the
officer and witness having costs in a mis-
demeanor case where defendant pays his fine
and costs. The county shall be liable for
only one-half thereof when defendant has
been tried and committed, acquitted, or
found guilty and the case appealed; and to
pay such half of such legal costs as may
have been so taxed, not including commissions,
the County Judge shall issue his warrant
upon the County Treasurer in favor of the
proper party, and the same shall be paid
out of the Road and Bridge Fund or other
funds not otherwise appropriated. No costs
shall be collected by such officer or wit-
ness when the case is dismissed."

You will note that the order of the Commission-
ers' Court and the above amended article are almost identi-
cal. The differences appear to be that in the article the
witness is given the same privileges and benefits as the
officer. The amended article provides for payment out of
the Road and Bridge Fund or other funds not otherwise
appropriated while the order of the Commissioners' Court
provides for payment out of the General Fund or other
funds not otherwise appropriated.

On January 11, 1939 this Department held, in
a conference opinion, that the above quoted amendment
to Article 1055 of the Code of Criminal Procedure was
void as unconstitutional. In this opinion this Department

further held that Article 1055, Code of Criminal Procedure, 1925, not having been repealed and the amendatory act being unconstitutional and entirely void, that said Article 1055, Code of Criminal Procedure, 1925, is still the law and all fee officers are subject to its provisions.

Article 1055, Code of Criminal Procedure, 1925, which is the law at present, reads as follows:

"Half costs paid officers.

"The county shall be liable to each officer and witness having costs in a misdemeanor case for only one-half thereof where the defendant has satisfied the fine and costs adjudged against him in full by labor in the workhouse, on the county farm, on the public roads or upon any public works of the county; and to pay such half of such legal cost as may have been so taxed, not including commissions, the county judge shall issue his warrant upon the County Treasurer in favor of the proper party, and the same shall be paid out of the road and bridge fund or other funds not otherwise appropriated."

We enclose herewith a copy of conference opinion No. O-23, which holds House Bill No. 727, Chapter 488, General and Special Laws, 45th Legislature, unconstitutional, which opinion is here referred to for all purposes.

The Commissioners' Court is an administrative and quasi-judicial body. The Commissioners' Court is not a law-making body and does not have the power to legislate.

You are respectfully advised that it is the opinion of this Department that the order of the Commissioners' Court as above quoted in this letter is invalid.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS